IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| HENRY SETH BROCK,<br><br>              Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>              Respondent. | MEMORANDUM DECISION AND ORDER<br><br><br><br>Case No. 4:19-CV-47 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on a Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241. For the reason discussed below, the Court finds that the Petition is properly classified as a motion under 28 U.S.C. § 2255.

## I. BACKGROUND

Petitioner was charge by felony information with tax evasion, securities fraud, and wire fraud on April 5, 2018.[1] Petitioner pleaded guilty on April 27, 2018. Petitioner was sentenced on June 4, 2018, to a sentence of 72 months in the custody of the Bureau of Prisons. Judgment was entered on June 6, 2018. Petitioner did not file a direct appeal. Petitioner mailed the instant Petition to the Court on June 3, 2019.

---

[1] A previous case against Petitioner was dismissed after the Court rejected the parties' Rule 11(c)(1)(C) plea. Case No. 2:17-CR-613 TS.

## II. DISCUSSION

Petitioner brings the instant Petition pursuant to 28 U.S.C. § 2241. Petitioner challenges his underlying conviction on a number of grounds, including vindictive prosecution and ineffective assistance of counsel.

A § 2241 petition attacks the execution of a sentence and must be filed in the district where the prisoner is confined.[2] A § 2255 petition, on the other hand, "attacks the legality of detention and must be filed in the district that imposed the sentence."[3] "The exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255."[4] That statute specifically states:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.[5]

Here, Petitioner's claims should be brought under § 2255, not § 2241. Petitioner specifically attacks the legality of the judgment and sentence. Further, Petitioner has not demonstrated that § 2255 provides an inadequate or ineffective remedy. Therefore, he must proceed under § 2255.

In construing a motion that requests relief as outlined in § 2255, the Court is required to make Petitioner "aware of the risk associated with recharacterization" as a § 2255 motion, and

---

[2] *Haugh v. Booker*, 210 F.3d 1147, 1149 (10th Cir. 2000).

[3] *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996) (citation omitted).

[4] *Johnson v. Taylor*, 347 F.2d 365, 366 (10th Cir. 1965).

[5] 28 U.S.C. § 2255(a).

obtain Petitioner's assent or, the court must "conclude[] that the petitioner's motion can only be considered under § 2255 and offer[] the movant the opportunity to withdraw the motion rather than have it so recharacterized."[6] Petitioner must be given an "opportunity to contest the recharacterization, or to withdraw or amend the motion."[7]

Petitioner is cautioned that the recharacterization of his Motion as one under § 2255 would likely prevent the filing of a successive petition under the provisions of § 2255(h).[8] Petitioner is further cautioned that the time for filing a new §2255 Motion expired one year after his June 6, 2018 judgment.[9] Therefore, if Petitioner withdraws his motion, he may not be able to timely file a new § 2255 Motion.

The Court will grant Petitioner until August 2, 2019, to file one of the following: (1) a § 2255 motion using the official form that will be mailed to him; (2) an objection to the Court's recharacterization of his Petition as a § 2255 motion; or (3) a request to withdraw the Petition. If Petitioner objects to the recharacterization, the Court will rule on the characterization issue based on such objection without further briefing. If Petitioner files a § 2255 motion using the official form, he may also file a supporting memorandum.

### III. CONCLUSION

Based upon the above, it is hereby

---

[6] *United States v. Nelson*, 465 F.3d 1145, 1149 (10th Cir. 2006).

[7] *Castro v. United States*, 540 U.S. 375, 382 (2003).

[8] 28 U.S.C. § 2255(h) (requiring court of appeals certification for second or successive motions under § 2255) and Rule 9, Rules Governing Section 2255 Proceedings for the United States District Courts (requiring Defendant to obtain an order from the appropriate court of appeals prior to filing a second or successive motion under § 2255).

[9] 28 U.S.C. § 2255(f) (imposing one-year statute of limitations for filing § 2255 motions).

ORDERED that Petitioner shall have until August 2, 2019, to file (1) a § 2255 motion set forth in the official form that will be mailed to him; (2) an objection to the Court's recharacterization of his Petition as a § 2255 motion; or (3) a request to withdraw his Petition. It is further

ORDERED that the Clerk of Court mail a § 2255 pleading packet to Petitioner at the address listed on his Motion. If Petitioner chooses to utilize this packet, the motion shall also be filed by August 2, 2019. It is further

ORDERED that Petitioner's Motion to Expedite (Docket No. 3) is DENIED.

DATED this 18th day of June, 2019.

BY THE COURT:

_____
Ted Stewart
United States District Judge