IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| HENRY SETH BROCK,<br><br>     Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>     Respondent. | MEMORANDUM DECISION AND ORDER DENYING PETITIONER'S MOTION TO DISQUALIFY COUNSEL AND MOTION FOR DISCOVERY<br><br>Civil Case No. 4:19-CV-47 TS<br><br>Criminal Case No. 4:18-CR-18 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Petitioner's Motion to Disqualify Counsel and Motion for Discovery. For the reasons discussed below, the Court will deny the Motions.

I.  BACKGROUND

On October 19, 2017, Petitioner was charged in a Felony Information with tax evasion, securities fraud, and wire fraud. On October 30, 2017, Petitioner pleaded guilty to all counts. As part of the plea agreement, the parties agreed to a sentence of 36 months' imprisonment pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). On March 5, 2018, the Court rejected the parties' 11(c)(1)(C) agreement. Thereafter, Petitioner withdrew his guilty plea and the government dismissed the Information.

Petitioner was again charged with tax evasion, securities fraud, and wire fraud on April 5, 2018. Petitioner pleaded guilty on April 27, 2018. The parties again agreed to a sentence under Rule 11(c)(1)(C). This time, the Court accepted the parties' agreement and Petitioner was sentenced on June 4, 2018, to a sentence of 72 months in the custody of the Bureau of Prisons in

accordance with the 11(c)(1)(C) plea.  Judgment was entered on June 6, 2018.  Petitioner did not

file a direct appeal.

On June 10, 2019, Petitioner filed a Petition for a Writ of Habeas Corpus Under 28

U.S.C. § 2241.  On June 18, 2019, the Court issued a Memorandum Decision and Order finding

that the Petition was more properly classified as a motion under 28 U.S.C. § 2255.  The Court

provided Petitioner the opportunity to (1) file a motion under § 2255; (2) object to the Court's

recharacterization; or (3) withdraw his Petition.  On August 7, 2019, Petitioner filed the instant §

2255 Motion.

Petitioner raises four claims in his Motion: (1) vindictive prosecution; (2) ineffective

assistance of counsel; (3) that his plea was coerced; and (4) actual innocence.  In response, the

government argued that all but Petitioner's claim for ineffective assistance were barred by the

collateral appeal waiver in Petitioner's plea agreement.

The Court appointed counsel and conducted an evidentiary hearing on all claims on

February 26, 2020.  After the hearing, Petitioner's appointed counsel was permitted to withdraw

and new counsel was appointed.  Petitioner's second counsel then sought permission to withdraw

and Petitioner's current counsel was appointed.

Petitioner now files the Motions before the Court.  Petitioner seeks discovery on his

vindictive prosecution claim and also asserts that the attorney for the United States must be

disqualified because of that claim.  The United States argues that Petitioner's vindictive

prosecution claim is barred by the collateral appeal waiver contained in Petitioner's plea

agreement.  The United States also argues, for the first time, that this claim is procedurally

barred.  While the Court maintains serious doubts that this claim is covered by the scope of the collateral appeal waiver, the Court agrees that Petitioner's claims are procedurally barred.

## II.  DISCUSSION

Petitioner did not present his vindictive prosecution in his criminal case and did not pursue direct appeal.  "A § 2255 motion is not intended as a substitute for an appeal. Consequently failure to raise an issue either at trial or on direct appeal imposes a procedural bar to habeas review."[1]  However, "if [a] defendant can show both good cause for failing to raise the issue earlier, and that the court's failure to consider the claim would result in actual prejudice to his defense, the procedural bar will not be applied."[2]  "[I]f the government raises procedural bar, the courts must enforce it and hold the defendant's claims procedurally barred unless cause and prejudice or a miscarriage of justice is shown."[3]

Petitioner first argues that the United States has waived the argument that his claim is procedurally barred because it was not raised in the government's response to Petitioner's § 2255 motion.  While it is true that this is the first time the United States has raised the issue of procedural bar, the Court finds that the United States has not waived this argument.

Procedural default may be waived if not raised by the government.[4]  However, the Tenth Circuit has deemed this issue waived when the government fails to raise the issue at all in the

---

[1] *United States v. Cervini,* 379 F.3d 987, 990 (10th Cir. 2004) (internal citation and quotation marks omitted).

[2] *Id.*

[3] *United States v. Allen*, 16 F.3d 377, 378 (10th Cir. 1994).

[4] *United States v. Hall*, 843 F.2d 408, 410 (10th Cir. 1988).

district court.[5]  Here, though not raised in the government's initial response, it was still raised

early enough to allow Petitioner and the Court to address it.  Therefore, the Court concludes that

the government has not waived this argument.

Petitioner next argues that he can overcome the procedural bar by demonstrating cause

and prejudice.[6]  "A defendant may establish cause for his procedural default by showing that he

received ineffective assistance of counsel in violation of the Sixth Amendment."[7]  The Supreme

Court has set forth a two-pronged test to guide the Court in determining ineffective assistance of

counsel.  "To demonstrate ineffectiveness of counsel, [Petitioner] must generally show that

counsel's performance fell below an objective standard of reasonableness, and that counsel's

deficient performance was prejudicial."[8]  To establish prejudice, Petitioner "must show that there

is a reasonable probability that, but for counsel's unprofessional errors, the result of the

proceeding would have been different."[9]

A court must review Petitioner's ineffective-assistance-of-counsel claim from the

perspective of his counsel at the time he or she rendered the legal services, not in hindsight.[10]  In

addition, in evaluating counsel's performance, the focus is not on what is prudent or appropriate,

but only what is constitutionally compelled.[11]  Finally, "[t]here is a strong presumption that

---

[5] *Id.*; *United States v. Wiseman*, 297 F.3d 975, 980 (10th Cir. 2002).

[6] Petitioner does not argue that he can overcome the procedural bar by showing a miscarriage of justice, which would require a showing of actual innocence.

[7] *United States v. Cook*, 45 F.3d 388, 392 (10th Cir. 1995).

[8] *United States v. Lopez*, 100 F.3d 113, 117 (10th Cir. 1996) (citing *Strickland v. Washington*, 466 U.S. 668, 687, 690 (1984)).

[9] *Strickland*, 466 U.S. at 694.

[10] *Hickman v. Spears*, 160 F.3d 1269, 1273 (10th Cir. 1998).

[11] *United States v. Cronic*, 466 U.S. 648, 665 n.38 (1984).

counsel provided effective assistance, and a section 2255 defendant has the burden of proof to overcome that presumption."[12]

Here, Petitioner cannot demonstrate either deficient performance or prejudice. As the Court explained at the evidentiary hearing, there is no support for Petitioner's vindictive prosecution claim.[13] This lack of evidence explains why counsel did not raise a vindictive prosecution claim. Failure to raise a non-meritorious claim is not ineffective assistance of counsel.[14] Based on this, Petitioner cannot overcome the procedural default and his Motions must be denied.

## III. CONCLUSION

It is therefore

ORDERED that Petitioner's Motion to Disqualify Counsel and Motion for Discovery (Docket Nos. 40 and 41) are DENIED.

DATED this 24th day of August, 2020.

BY THE COURT:

Ted Stewart
United States District Judge

---

[12] *United States v. Kennedy*, 225 F.3d 1187, 1197 (10th Cir. 2000) (quoting *United States v. Williams*, 948 F. Supp. 956, 960 (D. Kan. 1996)).

[13] Docket No. 28, at 97.

[14] *Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986) (counsel cannot be deemed constitutionally ineffective for failing to pursue nonmeritorious issue); *Foster v. Ward*, 182 F.3d 1177, 1186 (10th Cir. 1999); *Jones v. Stotts*, 59 F.3d 143, 147 (10th Cir. 1995); *United States v. Green*, 963 F.2d 383, at *2 (10th Cir.1992) (unpublished).