IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| HENRY SETH BROCK,<br><br>　　　　　　　Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　　Respondent. | MEMORANDUM DECISION AND ORDER DENYING PETITIONER'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY<br><br>Case No. 4:19-CV-47 TS<br>Criminal Case No. 4:18-CR-18 TS<br><br>District Judge Ted Stewart |

　　　　This matter is before the Court on Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.  For the reasons discussed below, the Court will deny the Motion and dismiss this case.

I.  BACKGROUND

　　　　On October 19, 2017, Petitioner was charged in a Felony Information with tax evasion, securities fraud, and wire fraud.  On October 30, 2017, Petitioner pleaded guilty to all counts.  As part of the plea agreement, the parties agreed to a sentence of 36 months' imprisonment pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C).  On March 5, 2018, the Court rejected the parties' 11(c)(1)(C) agreement.  Thereafter, Petitioner withdrew his guilty plea, and the government dismissed the Information.

　　　　Petitioner was again charged with tax evasion, securities fraud, and wire fraud on April 5, 2018.  Petitioner pleaded guilty on April 27, 2018.  The parties again agreed to a sentence under Rule 11(c)(1)(C).  This time, the Court accepted the parties' agreement and Petitioner was sentenced on June 4, 2018, to a sentence of 72 months in the custody of the Bureau of Prisons in

accordance with the 11(c)(1)(C) plea. Judgment was entered on June 6, 2018. Petitioner did not file a direct appeal.

On June 10, 2019, Petitioner filed a Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241. On June 18, 2019, the Court issued a Memorandum Decision and Order finding that the Petition was more properly classified as a motion under 28 U.S.C. § 2255. The Court provided Petitioner the opportunity to (1) file a motion under § 2255; (2) object to the Court's recharacterization; or (3) withdraw his Petition. On August 7, 2019, Petitioner filed the instant § 2255 Motion.

Petitioner raised four claims in his Motion: (1) vindictive prosecution; (2) ineffective assistance of counsel; (3) his plea was coerced; and (4) actual innocence. In response, the government argued that all but Petitioner's claim for ineffective assistance were barred by the collateral appeal waiver in Petitioner's plea agreement.

The Court appointed counsel and conducted an evidentiary hearing on all claims on February 26, 2020. The Court allowed Petitioner to file a brief in support of his Motion by March 27, 2020. Prior to that date, Petitioner's appointed counsel was permitted to withdraw, and new counsel was appointed. Petitioner was then given until May 15, 2020 to file his brief. Petitioner's second counsel then sought permission to withdraw, and Petitioner was appointed counsel for a third time. Petitioner's brief then became due by July 15, 2020.

Petitioner did not file his brief but instead filed a motion for discovery and a motion to disqualify counsel. Both motions were related to his vindictive prosecution claim. In response, the government argued that Petitioner's vindictive prosecution claim was barred by the collateral

appeal waiver and was procedurally barred. The Court agreed that this claim was procedurally barred.

The Court later entered a new scheduling order directing Petitioner to file his brief by September 18, 2020. Just before that date, Petitioner's counsel moved to withdraw. The Magistrate Judge denied counsel's request and this Court affirmed that decision. The Court then directed Petitioner to file his brief by December 4, 2020. The Court also stated that Petitioner could supplement that brief, either through retained counsel or pro se, by January 4, 2021. Petitioner has failed to file his brief and the time for doing so has now expired. Therefore, this matter is ripe for decision.

## II.  DISCUSSION

As stated, Petitioner asserts four claims in his Motion: (1) vindictive prosecution; (2) ineffective assistance of counsel; (3) his plea was coerced; and (4) actual innocence.

A.   VINDICTIVE PROSECUTION

The Court previously ruled that Petitioner's vindictive prosecution claim was procedurally barred. It also fails on the merits.

"To prove prosecutorial vindictiveness, the defendant must prove either (1) 'actual vindictiveness, or (2) a realistic likelihood of vindictiveness which will give rise to a presumption of vindictiveness.'"[1] Petitioner's claim is based on his assertion that he was prosecuted because of a years-long grudge held against him by the Utah Division of Securities. The Tenth Circuit has noted that "federal courts repeatedly have rejected the idea that federal

---

[1] *United States v. Sarracino*, 340 F.3d 1148, 1177 (10th Cir. 2003) (quoting *United States v. Lampley*, 127 F.3d 1231, 1245 (10th Cir. 1997)).

prosecution, after state proceedings, constitutes vindictive federal prosecution."[2] "Indeed, the involvement of a separate sovereign tends to negate a vindictive prosecution claim."[3] The evidence here shows that "the prosecutor's decision to prosecute [was] based on the usual determinative factors."[4] Therefore, this claim fails.

B.     INEFFECTIVE ASSISTANCE OF COUNSEL

The Supreme Court has set forth a two-pronged test to guide the Court in making a determination of ineffective assistance of counsel. "To demonstrate ineffectiveness of counsel, [Petitioner] must generally show that counsel's performance fell below an objective standard of reasonableness, and that counsel's deficient performance was prejudicial."[5] To establish prejudice, Petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[6]

A court is to review Petitioner's ineffective-assistance-of-counsel claim from the perspective of his counsel at the time he or she rendered the legal services, not in hindsight.[7] In addition, in evaluating counsel's performance, the focus is not on what is prudent or appropriate, but only what is constitutionally compelled.[8] Finally, "[t]here is a strong presumption that

---

[2] *United States v. Raymer*, 941 F.2d 1031, 1041 (10th Cir. 1991).

[3] *United States v. Schoolcraft*, 879 F.2d 64, 68 (3d Cir. 1989).

[4] *Id.* at 67.

[5] *United States v. Lopez*, 100 F.3d 113, 117 (10th Cir. 1996) (citing *Strickland v. Washington*, 466 U.S. 668, 687, 690 (1984)).

[6] *Strickland*, 466 U.S. at 694.

[7] *Hickman v. Spears*, 160 F.3d 1269, 1273 (10th Cir. 1998).

[8] *United States v. Cronic*, 466 U.S. 648, 665 n.38 (1984).

4

counsel provided effective assistance, and a section 2255 defendant has the burden of proof to overcome that presumption."[9]

Petitioner asserts eleven claims of ineffective assistance of counsel. The Court will discuss each of them in turn.

### 1. *Failure to review evidence*

Petitioner's first claim is that his counsel failed to review essential evidence. This claim, like most of Petitioner's claims, is made up of conclusory statements that were directly refuted by credible testimony from his attorneys at the evidentiary hearing. The Court found counsel to be highly credible, and it accepts counsels' testimony above Petitioner's bald assertions and his testimony to the contrary.

Petitioner first argues that his attorneys failed to review approximately 20,000 hours of recordings of conversations Petitioner had with his clients. Petitioner was not able to provide counsel with these recordings. Counsel worked to retrieve the recordings and even hired one of Petitioner's employees to attempt to recover them. Despite these efforts, the recordings could not be located. Moreover, counsel testified that these recordings were not relevant because the evidence supported the charges brought by the government. The fact that Petitioner may have made true statements in the past did not negate the false statements that made up the fraud charges against him. Further, these recordings would not have altered the tax fraud charges.

Petitioner also argues that counsel failed to review his prior interactions with the Utah Division of Securities. But, as with the recordings, counsel testified that the records from the

---

[9] *United States v. Kennedy*, 225 F.3d 1187, 1197 (10th Cir. 2000) (quoting *United States v. Williams*, 948 F. Supp. 956, 960 (D. Kan. 1996)).

5

Utah Division of Securities were not relevant to the charges brought by the government and could have been detrimental to Petitioner's defense. The fact that the Division of Securities may have found a prior form of Petitioner's business was not fraudulent does not mean that Petitioner's conduct at issue here was lawful.

### 2. *Ignored fundamental contract law*

Petitioner argues that counsel was ineffective in failing to review his client engagement letters and operating agreements. Counsel testified that he did, in fact, review these documents. However, those documents were not helpful in defending Petitioner against the claims made by the United States. Petitioner further argues that counsel ignored fundamental contract law. However, counsel testified that the statements made in the client engagement letters did not negate the later false statements Petitioner made, which constituted the basis of some of the claims against Petitioner. These false statements demonstrate that counsel was not ineffective in failing to use these documents in support of Petitioner's defense.

### 3. *Reliance on open file policy*

Petitioner argues that counsel relied upon the open file policy of the United States Attorney's Office and did not perform an adequate investigation. At the evidentiary hearing, counsel testified that he requested discovery and was provided all the discovery he requested. He also went through boxes of papers at the United States Attorney's Office where he reviewed every piece of paper and made copies as needed. He, along with co-counsel and an investigator, went through documents provided by Petitioner. Petitioner provides no evidence that counsel's investigation was deficient or that he was prejudiced.

6

### 4. *Perverted 'fraud' and 'conspiracy' meanings*

Petitioner next contends that his counsel's definitions of fraud and conspiracy perverted the common meaning of these words. Counsel testified that he met with Petitioner several times. In these meetings, counsel attempted to explain the meaning of fraud and conspiracy under federal law. Counsel testified that the information he provided was correct and accurate. Petitioner has provided no evidence to the contrary. Therefore, this claim fails.

### 5. *Advised not to contest Presentence Report*

Petitioner claims that his counsel advised him not to object certain items in the Presentence Report. In particular, Petitioner points to a paragraph in the Presentence Report detailing a prior sexual assault case. Counsel testified that he advised Petitioner that an objection could be raised but that it would be unwise to do so because objecting would have brought more attention to the issue. Counsel testified that Petitioner decided with his attorneys not to object. Petitioner has failed to show that his counsel was deficient. In addition, Petitioner has failed to show prejudice based on the inclusion of this information. Since his sentence was agreed upon by the parties and accepted by the Court, this provision of the Presentence Report had no influence on the sentence Petitioner received.

### 6. *Ignored false testimony*

Petitioner next claims that counsel was ineffective in failing to review certain recordings made at Petitioner's office. At the evidentiary hearing, counsel stated that he had attempted to retrieve the recordings and even paid one of Petitioner's employees to do so. However, they could not be located. Counsel was, however, able to review a number of other documents from Petitioner's company. Counsel stated that he believed these documents were irrelevant because

7

they predated the conduct at issue. Petitioner fails to show that counsel should have done more or that he was prejudiced.

*7. Failed to assert the law*

Petitioner argues that his counsel failed to assert the law. In particular, he asserts that there are times when companies and individuals are not required to file tax returns. While this may be true, Petitioner was charged with and pleaded guilty to willfully attempting to evade taxes by certain affirmative acts. Petitioner's counsel explained to Petitioner that even if he was not required to file taxes, doing so fraudulently could lead to charges. Thus, Petitioner has failed to show that his counsel's performance was deficient or that he was prejudiced.

*8. Government's facts and filings do not match*

Petitioner's next ineffective assistance of counsel claim asserts that counsel failed to challenge allegedly conflicting statements in the filings made by the United States. Petitioner fails to identify these alleged contradictions. Counsel testified that he explained to Petitioner why he was personally responsible for his conduct rather than his company. Petitioner has failed to demonstrate that this was error or that he was prejudiced.

*9. Petitioner was not permitted to be involved in his defense*

Petitioner asserts that he was not permitted to be involved with his defense. Petitioner makes a number of arguments to support this claim. Petitioner first argues that he did not see his Presentence Report until 2019. Counsel testified that this was not true; he had indeed discussed the Presentence Report with Petitioner. This is supported by Petitioner's own claim in which he contends that he discussed a potential objection to the Presentence Report, as discussed.

Moreover, the Court confirmed with Petitioner that he had seen the Presentence Report and had sufficient time to review it with his counsel.

Petitioner also asserts that he was not present or aware of his change of plea hearing. A review of the change of plea hearing transcripts reveals this is not true. Counsel further confirmed Petitioner's presence.

Petitioner contends that his counsel terminated their relationship with him two days after sentencing. However, the docket does not reflect a withdrawal of counsel. Further, counsel testified that the practice of the Federal Public Defender Office is to not withdraw after sentencing.

Petitioner also asserts that he did not have access to case file and his counsel failed to respond to his requests. However, counsel testified that they met with Petitioner as often as they could, they were in St. George (where Petitioner lived) for extended periods of time, and did their best to respond to Petitioner's concerns.

Petitioner further asserts that counsel may have scrubbed or purged his case file. At the evidentiary hearing, counsel testified that he would never do that. Instead, his practice is to provide all relevant documents for a client to examine and he did that in this case.

In sum, Petitioner has failed to demonstrate that his counsel's performance was deficient in any way. Nor has he shown any prejudice as a result of any of the above complaints.

10.  *Conflict of interest*

Petitioner argues that his prior counsel was operating under a conflict of interest because she was working for the United States Attorney's Office at the time she represented him. Petitioner's assertion is incorrect. Petitioner's co-counsel did join the United States Attorney's

9

Office, but this was after her representation of Petitioner had ended. At all times during her representation of Petitioner, she worked as an assistant Federal Public Defender.

*11.  Failure to assert Fifth Amendment challenge*

Petitioner's final claim for ineffective assistance is based on counsel's failure to raise a Fifth Amendment challenge based on Petitioner's interview with two IRS agents. Petitioner does not explain how he believes his right against self-incrimination was violated. Counsel testified that he did not see a Fifth Amendment issue. Failure to raise a non-meritorious claim is not ineffective assistance of counsel.[10]

C.  COERCED PLEA

Petitioner contends that his plea was not voluntary because the prosecution threatened to charge his family members if he proceeded to trial. This claim, like Plaintiff's vindictive prosecution claim, is procedurally barred. And like his vindictive prosecution claim, it fails on the merits.

"[G]overnment threats to prosecute third persons during plea negotiations are not necessarily unconstitutional."[11] "But because such bargaining 'can pose a danger of coercion' and 'increase the leverage possessed by prosecutors,' the government must abide by 'a high standard of good faith' in its use of such tactics."[12] The Tenth Circuit has held "that the standard of good faith requires probable cause: To lawfully threaten third persons with prosecution during

---

[10] *Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986) (counsel cannot be deemed constitutionally ineffective for failing to pursue nonmeritorious issue); *Foster v. Ward*, 182 F.3d 1177, 1186 (10th Cir. 1999); *Jones v. Stotts*, 59 F.3d 143, 147 (10th Cir. 1995); *United States v. Green*, 963 F.2d 383, at *2 (10th Cir.1992) (unpublished).

[11] *United States v. Wright*, 43 F.3d 491, 498 (10th Cir. 1994).

[12] *Id.* (quoting *Mosier v. Murphy*, 790 F.2d 62, 66 (10th Cir. 1986)).

the course of plea negotiations, the government must have probable cause that those third persons committed the crime that the government threatens to charge."[13] "Consequently, so long as the government has prosecuted or threatened to prosecute a defendant's relative in good faith, the defendant's plea, entered to obtain leniency for the relative, is not involuntary."[14]

Here, there is no evidence of threats to prosecute others. However, part of the plea negotiations included an agreement to curtail the investigation the United States was conducting. Counsel strongly believed that other individuals, including Petitioner's family members, would have been inculpated had the investigation continued. Counsel believed that the United States had an adequate basis, supported by probable cause, for those potential charges. Because of this, Petitioner cannot demonstrate that his plea was involuntary.

D.  ACTUAL INNOCENCE

Finally, Petitioner asserts a claim of actual innocence. The Tenth Circuit has "held that actual innocence does not constitute a freestanding basis for habeas relief."[15] "[A] claim of 'actual innocence' is not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits."[16] Thus, to the extent Petitioner seeks to assert a stand-alone claim of actual innocence, it must be rejected.

---

[13] *Id.* at 499.

[14] *Miles v. Dorsey*, 61 F.3d 1459, 1468 (10th Cir. 1995).

[15] *Farrar v. Raemisch*, 924 F.3d 1126, 1131 (10th Cir. 2019).

[16] *Herrera v. Collins*, 506 U.S. 390, 404 (1993).

Moreover, to be credible, an actual innocence claim "requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial."[17] Petitioner must convince "the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt."[18] Petitioner has failed to present any new evidence that suggests he was actually innocent. Therefore, this claim fails.

### III.  CONCLUSION

It is therefore

ORDERED that Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody is DENIED and DISMISSED. It is further

ORDERED that pursuant to Rule 11(a) of the Rules Governing § 2255 Cases, the Court DENIES Petitioner a certificate of appealability.

DATED this 15th day of January, 2021.

BY THE COURT:

Ted Stewart
United States District Judge

---

[17] *Schlup v. Delo*, 513 U.S. 298, 324 (1995).
[18] *Id.* at 329.