IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| HENRY SETH BROCK,<br><br>                  Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>                  Respondent. | MEMORANDUM DECISION AND ORDER DENYING PETITIONER'S REQUEST TO GRANT HENRY SETH BROCK ADDITIONAL TIME TO FILE A PRO SE BRIEF<br><br>Case No. 4:19-CV-47 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Petitioner's Request to Grant Henry Seth Brock Additional Time to File a Pro Se Brief. For the reasons discussed below, the Court will deny the Motion.

I. BACKGROUND

On June 10, 2019, Petitioner filed a Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241. On June 18, 2019, the Court issued a Memorandum Decision and Order finding that the Petition was more properly classified as a motion under 28 U.S.C. § 2255. The Court provided Petitioner the opportunity to (1) file a motion under § 2255; (2) object to the Court's recharacterization; or (3) withdraw his Petition. On August 7, 2019, Petitioner filed his § 2255 motion.

The Court appointed counsel and conducted an evidentiary hearing on all claims on February 26, 2020. The Court allowed Petitioner to file a brief in support of his § 2255 motion by March 27, 2020. Prior to that date, Petitioner's appointed counsel was permitted to withdraw, and new counsel was appointed. Petitioner was then given until May 15, 2020 to file his brief.

Petitioner's second counsel then sought permission to withdraw, and Petitioner was appointed counsel for a third time. Petitioner's brief then became due by July 15, 2020.

Petitioner did not file his brief but instead filed a motion for discovery and a motion to disqualify counsel. Both motions were related to his vindictive prosecution claim. In response, the government argued that Petitioner's vindictive prosecution claim was barred by the collateral appeal waiver and was procedurally barred. The Court agreed that this claim was procedurally barred.

The Court later entered a new scheduling order directing Petitioner to file his brief by September 18, 2020. Just before that date, Petitioner's counsel moved to withdraw. The Magistrate Judge denied counsel's request and this Court affirmed that decision. The Court then directed Petitioner to file his brief by December 4, 2020. The Court also stated that Petitioner could supplement that brief, either through retained counsel or pro se, by January 4, 2021. Petitioner failed to file any brief in support of his Motion. On January 15, 2021, the Court denied the § 2255 motion and closed this case. Petitioner, through counsel, now seeks additional time to file a pro se brief.

## II. DISCUSSION

Where, as here, a party seeks an extension of time to perform "any act" after the deadline has passed, the court may extend the deadline only upon a showing of good cause and that the failure to act was due to excusable neglect.[1] The standards of good cause and excusable neglect, while not identical, are interrelated.[2]

---

[1] Fed. R. Civ. P. 6(b)(1)(B).

[2] *Broitman v. Kirkland (In re Kirkland)*, 86 F.3d 172, 175 (10th Cir. 1996)

Without attempting a rigid or all-encompassing definition of "good cause," it would appear to require at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice, and some showing of "good faith on the part of the party seeking the enlargement and some reasonable basis for noncompliance within the time specified" is normally required.[3]

Good cause requires a greater showing than excusable neglect.[4] Good cause "requires the moving party to show the deadline 'cannot be met despite the movant's diligent efforts.'"[5] This "means it must provide an adequate explanation for any delay."[6]

With respect to excusable neglect, the Tenth Circuit evaluates four so-called "*Pioneer* factors."[7] These include "the danger of prejudice to [the nonmoving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith."[8] The reason for the delay is the most important factor, which may alone preclude a finding of excusable neglect.[9] Importantly, "carelessness by a litigant or [his] counsel does not afford a basis for relief."[10]

---

[3] *Putnam v. Morris*, 833 F.2d 903, 905 (10th Cir. 1987) (quoting *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1306 (5th Cir. 1985)).

[4] *Broitman*, 86 F.3d at 175.

[5] *Utah Republican Party v. Herbert*, 678 F. App'x 697, 701 (10th Cir. 2017) (quoting *Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014)).

[6] *Strope v. Collins*, 315 F. App'x 57, 61 (10th Cir. 2009) (internal quotation marks and citation omitted).

[7] *City of Chanute v. Williams Nat. Gas Co.*, 31 F.3d 1041, 1046 (10th Cir. 1994) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd.*, 507 U.S. 380, 395 (1993)).

[8] *Id.* (quoting *Pioneer Inv. Servs. Co.*, 507 U.S. at 395) (alteration in original).

[9] *United States v. Torres*, 372 F.3d 1159, 1163 (10th Cir. 2004).

[10] *Pelican Prod. Corp. v. Marino*, 893 F.2d 1143, 1146 (10th Cir. 1990).

In the Motion, counsel states that he "is concerned that Mr. Brock was not aware of the deadlines for him to file a pro se brief or a brief through retained counsel."[11] Counsel does not provide the basis for his concern. The Court very clearly stated that Petitioner could "file a supplemental brief, either pro se or through retained counsel, by January 4, 2021."[12] Petitioner has failed to demonstrate any reason for his failure to file a brief within the allotted time. Without more, there is no basis in the record for a finding of good cause or excusable neglect.

### III. CONCLUSION

It is therefore

ORDERED that Petitioner's Request to Grant Henry Seth Brock Additional Time to File a Pro Se Brief (Docket No. 68) is DENIED.

DATED this 26th day of January, 2021.

BY THE COURT:

Ted Stewart
United States District Judge

---

[11] Docket No. 68, at 2.

[12] Docket No. 64.

4